# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CORY M. SPRINGS,

                    Petitioner,          :    Case No. 3:23-cv-352

     - vs -                            District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                  :
                  Respondent.

# REPORT AND RECOMMENDATIONS

       This is a habeas corpus case brought *pro se* by Petitioner Cory M. Springs under 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Court of Common Pleas on robbery charges (Petition, ECF No. 23[1]).  On Springs' filing of the Petition, Magistrate Judge Peter B. Silvain, Jr., ordered and the Respondent filed the State Court Record (ECF No. 15) and a Return of Writ (ECF No. 16).  Springs then filed his Traverse (ECF No. 19), making the case ripe for decision.  The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 20).

---

[1] Although Petitioner submitted his Petition with his Application for Leave to Proceed *in forma pauperis* (ECF No. 1), it had not been detached from that's Application until December 6, 2024.  It will be treated as filed for statute of limitations purposes on the date the Application was submitted, November 27, 2023.

**Litigation History**

On May 25, 2021, the Clark County Grand Jury handed down an indictment charging Springs with one count of aggravated robbery with a firearm specification in violation of Ohio Revised Code § 2911.01(A)(1)). (State Court Record, ECF No. 15, Ex. 1).  Jury trial was initially set for August 3, 2021, but on August 2 Springs moved for a continuance, representing he was negotiating with the prosecutor about two unindicted offenses and hoped to settle all the charges with an agreed-upon Bill of Information (Motion, State Court Record, ECF No. 15, Ex. 3).

On September 13, 2021, the State moved the Court to set a trial date, representing

> On July 26, 2021 defense counsel notified undersigned counsel that the defendant wished to accept the terms of the plea agreement. The terms of the plea agreement included that the defendant plea to an amended charge, provide truthful testimony against another defendant at Grand Jury and at a trial, and plea to a Bill of Information. On August 16, 2021, the State and defense counsel arranged for the Defendant to testify at Grand Jury. The Defendant did not testify at Grand Jury, but instead desired to talk to his attorney and the assistant prosecutor about plea negotiations. At a later date, defense counsel notified undersigned assistant prosecutor that the defendant wished to take the plea offer. On August 24, 2021 the State filed a Bill of lnformation in 21 CR550 which included three charges of F3 [felony 3] Robbery. Defendant was scheduled to testify at Grand Jury on August 30, 2021. On that date the Defendant began to testify at Grand Jury, but wished to talk to his attorney again and did not provide the testimony that was required of the plea agreement. At this time, his testimony was scheduled for Grand Jury on September 7, 2021. On September 7, 2021 defense counsel asked the State would agree to an additional term in the plea agreement. The State declined, and at this time defense counsel notified undersigned prosecutor that there was no longer an agreement and the matter needed to be set for trial.

*Id.* at Ex. 5, PageID 98-99.

On September 24, 2021, the trial court denied an oral motion to dismiss on speedy trial grounds and set trial for October 26, 2021.  Before that date, new counsel appeared for Petitioner

and moved for a continuance on that basis.  *Id.* at Ex. 8. The trial court then appointed new counsel

for Petitioner in both his cases – he had been separately indicted on another count of aggravated

robbery.

On January 26, 2022, Springs pleaded guilty in the first case to one count of aggravated

robbery without a firearm specification and was sentenced to an indefinite term of ten to fifteen

years.  On February 16, 2022, he pleaded guilty to robbery without a firearm specification in the

second case and was sentenced to thirty-six months imprisonment, concurrent with the sentence

in the first case.

Springs appealed to the Ohio Court of Appeals for the Second District, raising one

assignment of error:

> THE TRIAL COURT ERRED WHEN IT DENIED SPRINGS'S
> MOTION TO DISCHARGE FOR A VIOLATION OF HIS
> **STATUTORY** [emphasis supplied] RIGHT TO A SPEEDY
> TRIAL.

(Appellant's Brief, State Court Record, ECF No. 15, Ex. 24, PageID 148).  The Second District

overruled that assignment of error and affirmed the conviction in the first case.  *State v. Springs*,

199 N.E.3d 223, 2022-Ohio-3761 (Ohio App. 2nd Dist. Oct. 21, 2022).  Springs appealed, but the

Ohio Supreme Court declined jurisdiction.  *State v. Springs*, 170 Ohio St.3d 1419 (2023).  Springs

then filed his Petition in this Court, pleading one ground for relief:

> **GROUND ONE:** The trial court erred in denying Appellant's
> motions to dismiss for violating his right to a speedy trial.

(Petition, ECF No. 1-1, PageID 48).

# Analysis

### Concurrent Sentence Doctrine

3

Respondent notes that only the conviction in Springs' first case, Clark County Case No. 21 CR 327, is at issue in this case. Because Springs is serving a longer concurrent sentence in the second case, Clark County Case No. 21 CR 617, Respondent argues the Court may decline to consider substantive issues in this case (Return, ECF No. 16, PageID 314, citing *Winn v. Renico*, 175 F. App'x 728, 731-32 (6th Cir. 2006), citing in turn *United States v. Jeter*, 775 F.2d 670 (6th Cir. 1985)). The Magistrate Judge notes that, although in *Winn* it recognized the concurrent sentence doctrine, it declined to apply it in that case because it had not been raised in the District Court. That is not an obstacle here. The *Winn* court also noted that the doctrine would not be applicable where there might be adverse collateral consequences from the unreviewed conviction. *Winn* at 732.

Springs has made no response to Respondent's invocation of the concurrent sentence doctrine. However, the *Winn* decision makes it clear that application of the doctrine is discretionary. Rather than enter into analysis of possible collateral consequences, the Magistrate Judge believes it advisable to decide the case as presented without applying the concurrent sentence doctrine.

**Procedural Default**

Respondent asserts Springs has procedurally defaulted any Sixth Amendment speedy trial claim because he never presented a federal constitutional claim to the state courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

4

> demonstrate that failure to consider the claims will result in a
> fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were
> procedurally defaulted in state court—that is, claims that the state
> court denied based on an adequate and independent state procedural
> rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175
> L.Ed.2d 417 (2009). This is an important "corollary" to the
> exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124
> S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which
> a state prisoner fails to exhaust state remedies, a habeas petitioner
> who has failed to meet the State's procedural requirements for
> presenting his federal claims has deprived the state courts of an
> opportunity to address" the merits of "those claims in the first
> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111
> S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default
> doctrine thus advances the same comity, finality, and federalism
> interests advanced by the exhaustion doctrine. See *McCleskey v.
> Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

Petitioner asserts that he did fairly present a federal constitutional claim to the Second

District Court of Appeals, asserting he meets the standard recognized in *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017), where the Sixth Circuit held a federal constitutional claim was fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Id.* at 418.

The Magistrate Judge agrees with Respondent that Springs did not fairly present a federal constitutional speedy trial claim to the state courts.  In the first place, his brief on appeal, prepared by counsel, expressly claimed in the sole assignment of error that he had been denied his **statutory** speedy trial right (Appellant's Brief, State Court Record, ECF No. 15, Ex. 24, PageID 148).  In support of that claim, his counsel cited only Ohio precedent and the Ohio speedy trial statute, Ohio Revised Code § 2945.71.  The Sixth Amendment is not mentioned.

All of the argued facts in support of the Assignment of Error are in terms of Ohio's tight schedule under §2945.71 for counting statutory time and tolling that statute.  Appellate counsel's focus was on the trial court's reliance on "a 34 year-old unpublished and unfollowed case that the speedy trial limitations were tolled by Springs' indecision over whether to testify in front of a grand jury." (Appellant's Brief, State Court Record, ECF No. 15, Ex. 24, PageID 154).  The precedent in question is *State v. Wiseman*, cited by Judge Rastatter as Richland App. No. CA-2562, (Aug.16.1988), unreported (The citation is at Entry, State Court Record ECF No. 15, Ex. 6, PageID 104).  Appellate counsel reported his inability to find the opinion, but it is in fact reported at 1988 WL 88735 (Ohio App. 5th Dist. Aug. 16, 1988); the opinions discussed only the statutory speedy trial right under Ohio Revised Code § 2945.71.  Judge Rastatter's decision properly cites

6

*Wiseman* and is entirely in terms of the Ohio statutory right to a speedy trial. Judge Rastatter did not consider that he was deciding a federal constitutional speedy trial claim.

Nor did the Second District. Holding that "Ohio's speedy trial statutes constitute a rational effort to implement the constitutional right to a speedy trial and are to be strictly enforced," Judge Donovan's opinion proceeds to analyze this case entirely in terms of the Oho statutory right. *State v. Springs, supra*. Having spent much of her legal career as a public defender, Judge Donovan is known to be particularly sensitive to the obligation of state courts to enforce federal constitutional rights when called upon to do so, but there is no hint of any Sixth Amendment analysis in her opinion.

Springs federal speedy trial claim was not presented to the Ohio courts at all, much less in such terms as to be found fairly presented. Springs has offered no excusing cause and prejudice nor any new evidence of actual innocence. His single Ground for Relief should be dismissed with prejudice as procedurally defaulted.

**Merits**

Even if Springs' claim were not procedurally defaulted, it would be subject to dismissal on the merits. The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992).

In this case, the post-accusation delay comes nowhere near a year. Springs was arrested

shortly after the May, 2021, robbery and pleaded guilty in January, 2022. As the Second District found, he was not being held solely on the charge in the first case. He was himself responsible for much of the delay, including the delay occasioned by his "dilatory behavior in refusing to testify before the grand jury." *Springs, supra,* at ¶ 26. He never asserted a Sixth Amendment speedy trial right in the state courts and he has not attempted to show he was in any way prejudiced by the delay. In sum, he has not shown his Sixth Amendment right to a speedy trial was violated.

**Use of an Unlawful Charging Document**

In his Traverse Springs asserts the State used an unlawful charging instrument – a bill of information – thereby depriving him of his right to indictment by a grand jury (Traverse, ECF No. 19, PageID 346-47).

No such claim is made in the Petition and claims may not be added to a habeas corpus case by pleading them in the traverse. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Moreover, there is no federal constitutional right to be prosecuted in state court by indictment. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006).

**Incorrect Speedy Trial Clock Calculation**

At the end of his Traverse, Springs reiterates his claim that the Ohio courts miscalculated the speedy trial calculations including the three-days count as one provision on the Ohio statute

8

(Traverse, ECF No. 19, PageID 347-50).  Here again Springs is arguing his federal constitutional claim in terms of Ohio law.  However, the federal speedy trial standard is set forth in *Barker* and Springs has not shown a violation of that standard.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 6, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.