# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CORY M. SPRINGS,

        Petitioner,     :    Case No. 3:23-cv-352

- vs -     District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

        :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Cory M. Springs, is before the Court on Petitioner's Objections (Doc. No. 29) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed (the "Report") (Doc. No. 24).  As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* the Report with particular attention to those portions objected to by Petitioner.  Having done so, the Court finds the objections are without merit and they are **OVERRULED** for the reasons set forth below.

The Petition pleads one ground for relief:

> **Ground One**: The trial court erred in denying Appellant's motions to dismiss for violating his right to a speedy trial.

(Doc. No. 1-1 at PageID 48.)  Criminal defendants in Ohio have a federal constitutional right to a speedy trial under the Sixth Amendment which has been held to be incorporated into the Fourteenth Amendment and therefore applicable to the States.  *Klopfer v. North Carolina,* 386

U.S. 213 (1967). Ohio has chosen to enforce that right with a tight statutory schedule enacted in Ohio Revised Code § 2945.71. Petitioner's motion to dismiss the case against him on speedy trial grounds relied entirely on the Ohio statute. As the trial judge summarized the argument in denying the motion to dismiss:

> The defendant argues that he has not been brought to trial within two-hundred and seventy (270) days of his arrest. The State argues that, while two-hundred and seventy (270) days may have passed, several tolling events have occurred, preserving the defendant's right to a speedy trial.

(Doc. No. 15 at PageID 100.) When Petitioner lost on that motion and appealed to the Ohio Second District Court of Appeals with counsel, he pleaded one assignment of error:

> THE TRIAL COURT ERRED WHEN IT DENIED SPRINGS'S MOTION TO DISCHARGE FOR A VIOLATION OF HIS STATUTORY RIGHT TO A SPEEDY TRIAL.

(Doc. No. 15 at PageID 148.)

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). This Court cannot review the Second District's decision for its compliance with Ohio Revised Code § 2945.71, but only for any constitutional violation. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018) (Thapar, J. concurring).

The Magistrate Judge concluded Petitioner had procedurally defaulted on any Sixth Amendment claim because he had never fairly presented a Sixth Amendment claim to the Ohio courts at any level (Doc. No. 24 at PageID 377 (noting that "In support of that [speedy trial] claim, his counsel cited only Ohio precedent and the Ohio speedy trial statute, Ohio Revised Code § 2945.71. The Sixth Amendment is not mentioned.").) Petitioner objects citing cases that find the speedy trial protections of the Sixth Amendment and Ohio Revised Code § 2945.71 are parallel and §2945.71 is a more "structured method" of enforcing the speedy rial right.

The Court agrees with the Magistrate Judge: a defendant cannot fairly present a Sixth Amendment claim without even mentioning the Sixth Amendment.

But apart from the procedural default, Petitioner's Sixth Amendment speedy trial claim is without merit. The required federal standard under the Sixth Amendment was established in *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). The federal courts have never adopted the rigid 270-day deadline established in Ohio Revised Code § 2945.71 or the three-days-counts-as-one from that statute applied to persons who fail to make bail. The Second District's decision is not an objectively unreasonable application of *Barker* which requires weighing: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. The Supreme Court has held delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992).

Accordingly, Petitioner's objections are **OVERRULED** and the Magistrate Judge's Report is **ADOPTED**. The instant Petition is hereby **DISMISSED WITH PREJUDICE** and the Clerk is directed to **TERMINATE** this matter on the Court's docket. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not

3

be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, January 22, 2025.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
